UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AKMAL HOWARD,

                Plaintiff,

v.

MATT MACAULEY et al.,

                Defendants.

_____/

Case No. 1:21-cv-566

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Macauley, McBride, Bolton, Battle, and Stroll.  The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claims against the remaining Defendants.

**Discussion**

I.      **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan.  The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan.  Plaintiff sues the following IBC staff:  Warden Matt Macauley; Deputy Warden Unknown McBride; Unit 3 Supervisor/Sergeant Unknown Fuller; Corrections Officers Unknown Gibson and Unknown Pasch; Resident Unit Manager Unknown Bolton; and Assistant Resident Unit Managers Unknown Battle and Unknown Stroll.

Plaintiff's complaint resembles dozens of others that have been brought in the Western District of Michigan by prisoners with legitimate fears posed by the ongoing COVID-19 pandemic and frustrations with their prisons' responses.  Plaintiff alleges that IBC administration moved him to Unit 3 on August 25, 2020, because they suspected he had COVID-19.  At the time, IBC used Unit 3 to isolate prisoners with COVID-19 or its symptoms and to quarantine those who may have been exposed.  In his list of legal claims, Plaintiff states that when he arrived on Unit 3, he was placed in a cell with a prisoner who tested positive.  Plaintiff, however, apparently remained negative for COVID-19 during his time on Unit 3.  On September 14, 2020, he tested negative for COVID-19 for the fourth time.  Apparently based on this fourth negative test, IBC healthcare cleared him to move out of Unit 3.  He was not immediately moved out.

On September 20, 2020, Plaintiff sent kites to Defendants Fuller, Battle, Stroll, and Macauley "stating he was negative for Covid and cleared by healthcare to be moved out of the Covid unit." (Compl., ECF No. 1, PageID.6.)  Presumably Plaintiff also asked to be moved from Unit 3 because he asserts that he "was denied by each defendant." (*Id.*)

Plaintiff complained to Defendants Pasch, Gibson, and Fuller.  They allegedly told Plaintiff that they would move him when they were "good and ready."  (*Id.*, PageID.7.)  They also ordered Plaintiff to take another COVID-19 test.  Plaintiff refused.  He instead threatened to write a grievance.

Plaintiff states that Defendant Fuller issued him a misconduct ticket on October 5, 2020, and moved him to segregation because Plaintiff refused to take a COVID-19 test.  As Plaintiff was taken to segregation, he asked for his property to be packed purportedly pursuant to MDOC policy.  Defendants Fuller, Gibson, and Pasch allegedly refused and stated that "prisoners who write grievances don't deserve property."  (*Id.*)  He alleges that his personal, legal, and state property was instead disposed of.  Plaintiff was also later found guilty of this misconduct ticket and sanctioned.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and costs.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a

right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994).

## III.    Lack of any allegations

Plaintiff makes no allegations against Defendant McBride and Bolton. It is a basic

pleading essential that a plaintiff attribute factual allegations to particular defendants. *See*

*Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient

allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held

that damage claims against government officials arising from alleged violations of constitutional

rights must allege, with particularity, facts that demonstrate what each defendant did to violate the

asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing

*Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is

named as a defendant without an allegation of specific conduct, the complaint is subject to

dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").  Plaintiff fails to even mention Defendants McBride and Bolton in the body of his complaint.  Consequently, his allegations against them fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Therefore, the Court will dismiss the complaint against them.

## IV.    Respondeat superior

Plaintiff similarly fails to make specific factual allegations against Defendant Macauley, other than his claim that Macauley failed to respond to his kites.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a

supervisor failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendant Macauley engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against him, and the Court will dismiss Defendant Macauley from this action.

## V.      First Amendment

Plaintiff alleges that Defendants Fuller, Pasch, and Gibson retaliated against him when they allegedly refused to allow Plaintiff to pack his property.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

On initial review, the Court concludes that Plaintiff has alleged facts sufficient to state a First Amendment retaliation claim against Defendants Fuller, Pasch, and Gibson.

## VI.     Eighth Amendment

Plaintiff alleges that his Eighth Amendment rights were violated when Defendants Fuller, Pasch, and Gibson refused to allow Plaintiff to pack his property; when Defendants Stroll,

Fuller, and Battle moved Plaintiff into Unit 3; and when Defendants Stroll, Battle, and Fuller

refused to move Plaintiff out of Unit 3 after IBC healthcare cleared him.

The Eighth Amendment imposes a constitutional limitation on the power of the

states to punish those convicted of crimes.  Punishment may not be "barbarous," nor may it

contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–

46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the

"unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)

(per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial

of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson*

*v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).  The Eighth Amendment is only concerned with

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every

unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual

punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.  "Routine

discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).  As a consequence,

"extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

### A.      Deprivation of property

Plaintiff alleges that his personal, state, and legal property was disposed of when

he went to segregation.  He alleges that Defendants Fuller, Pasch, and Gibson violated his Eighth

Amendment rights because they did not allow him to pack his property.  Plaintiff does not specify

what he specifically lost, but nothing he alleges suggests that Defendants deprived him of the basic

necessities of life. *See Rhodes*, 452 U.S. at 347.  Because he fails to allege that Defendants Fuller,

Pasch, and Gibson deprived him of a basic necessity or that their conduct otherwise created

7

intolerable conditions, Plaintiff fails to state an Eighth Amendment claim against them for their refusal to pack his property.  *See id.* at 348.

### B.   Segregation

Plaintiff arguably also alleges that Defendants Fuller, Pasch, and Gibson violated the Eighth Amendment when they moved him to segregation.  Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'"  *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347).  Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied basic human needs and requirements.  The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation.  *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).  Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury.  *See* 42 U.S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795.  As a result, Plaintiff fails to state an Eighth Amendment claim against Defendants Fuller, Pasch, and Gibson for his placement in segregation.

### C.   Deliberate indifference

Plaintiff asserts that Defendants Stroll, Fuller, and Battle were deliberately indifferent to his health or safety first when they moved Plaintiff into Unit 3 and again later when they failed to move Plaintiff out of Unit 3 after IBC healthcare cleared him.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety."  *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate

indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).  The deliberate-indifference standard includes both objective and subjective components.  *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37.  To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff fails to state facts showing that he was at a substantial risk of serious harm. As a preliminary matter, the Court presumes that extended exposure to individuals with COVID-19 creates a substantial risk to an individual who does not have COVID-19.  However, Plaintiff does not assert that he faced such a threat.

Instead, Plaintiff merely gives vague allegations.  He states that he was on Unit 3, which IBC used to house prisoners with COVID-19 or who were suspected of having COVID-19. Plaintiff insinuates that he faced a substantial risk of contracting COVID-19 while on Unit 3.  Yet, none of his allegations demonstrate that his placement on Unit 3—or the decision for him to remain there—necessarily put him in close proximity to prisoners with contagious COVID-19 infections or otherwise put him at substantial risk of contracting COVID-19.

Plaintiff's allegation that when he arrived on Unit 3, he was placed in a cell with another prisoner who tested positive, is likewise vague.  Plaintiff provides no context about his exposure to his cellmate and the timeline of his cellmate's infection.  He fails to indicate when his cellmate tested positive, much less that his cellmate was contagious and that Defendants had reason to know about it when they assigned him to the cell.  In short, Plaintiff has alleged facts suggesting only the mere possibility that Defendants violated the Eighth Amendment.  His allegations therefore fail to state a claim.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claims against Stroll, Fuller, and Battle.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Macauley, McBride, Bolton, Battle, and Stroll will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claims against the remaining Defendants.  Plaintiff's First Amendment retaliation claims against Defendants Fuller, Pasch, and Gibson remain in the case.

An order consistent with this opinion will be entered.


Dated:   August 11, 2021                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge